IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JAN 26 2016
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| JACKSON BRYANT BAUGUS,<br><br>Plaintiff,<br><br>vs.<br><br>ARNIE BREY and MARY LOU BREY,<br><br>Defendants. | CV 16-0013-M-DLC-JCL<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Jackson Baugus, a federal prisoner proceeding without counsel, has filed a document entitled "Notice of Default" which has been liberally construed as a civil complaint. (Doc. 1.) In order to institute a civil action in federal court, a plaintiff must either pay a filing fee of $400.00 as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Although Baugus submitted a prisoner account statement from the facility where he is incarcerated, he has not paid the filing fee or filed a motion to proceed in forma paueris. Nevertheless, it would be futile to require Baugus to submit a motion to proceed in forma pauperis because he is subject to the three strikes provision of 28 U.S.C. § 1915(g).

Permission to proceed in forma pauperis is discretionary with the Court.

*See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Baugus has filed four civil actions which have been dismissed for failure to state a claim. *See Baugus v. Billings Police Department, et al.*, CV-10-00061-BLG-RFC (D. Mont. Judgment of dismissal filed October 19, 2010); *Baugus v. Haddon, et al.*, CV-12-00109-BLG-RFC (D. Mont. Judgment of dismissal filed October 4, 2012); and *Baugus v. Werner, et al.*, CV-15-00024-BLG-SPW (D. Mont. Judgment of dismissal filed August 7, 2015).

Baugus has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Baugus is currently incarcerated at the Texarkana Federal Correctional Institution and has brought no claim against an employee of that institution. Thus, even when construed liberally in Baugus's favor, the allegations in the Complaint do not support a finding that Baugus is in

"imminent danger of serious physical injury."

Baugus is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Baugus should not be allowed to proceed in forma pauperis in this matter. The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure if Baugus fails to pay the filing fee within thirty days.

DATED this 26th day of January, 2016.

Jeremiah C. Lynch
United States Magistrate Judge